

**ORDERED in the Southern District of Florida on November 26, 2012.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

```
_____
                               )
In re                          )   CASE NOS. 09-33115-BKC-RAM
                               )             09-33124-BKC-RAM
CERTIFIED, INC., et al.,       )             09-33128-BKC-RAM
                               )
        Debtors                )   (JOINTLY ADMINISTERED)
_____)
                               )
SONEET KAPILA, Chapter 7       )
Trustee for the jointly        )
administered bankruptcy        )
estates of CERTIFIED, INC.,    )
GLOBAL BULLION TRADING GROUP,  )
AND WJS FUNDING, INC.,         )
                               )
        Plaintiff,             )
                               )
vs.                            )   ADV. NO. 11-2441-BKC-RAM-A
                               )
THOMAS J. MCNAMARA, INC.,      )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff's Motion for Leave to Amend Complaint ("Motion to Amend") [DE# 69] seeks to add Thomas J. McNamara ("Mr. McNamara"), the principal of the corporate defendant, as an additional defendant. Because the statute of limitations has expired, adding a new defendant is permissible only if the Court finds that the proposed second amended complaint relates back to the date of the original complaint under Fed. R. Civ. P. 15(c), applicable here under Fed. R. Bankr. P. 7015. For the reasons discussed below, the proposed second amended complaint cannot relate back because the Plaintiff knew of Mr. McNamara's identity and his potential liability when the original complaint was filed. Therefore, the Motion to Amend will be denied.

## Factual and Procedural Background

Plaintiff, Soneet Kapila ("Plaintiff") is the Chapter 7 Trustee for the jointly-administered estates of Certified, Inc., Global Bullion Trading Group, and WJS Funding, Inc. ("WJS") (collectively, the "Debtors"). The cases were filed on October 26, 2009, and therefore, under 11 U.S.C. § 546(a)(1)(A), the statute of limitations for bringing avoidance actions under § 544 or § 548 expired on October 26, 2011.

The Trustee timely filed this adversary proceeding on August 25, 2011, against Defendant, Thomas J. McNamara, Inc.

("TJMI"), seeking to avoid four transfers by the Debtors. The transfers at issue were transfers of Debtors' funds used in connection with the sale and improvement of a house in North Carolina for one of the Debtors' principals and his wife. The Trustee alleged that the transfers were made with the actual intent to defraud creditors or alternatively, were made while the Debtors were insolvent and not in exchange for reasonably equivalent value. The four count complaint is brought under 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B), as well as under § 544(b) in conjunction with Florida Statutes § 726.105(1)(a) and (b).

On January 9, 2012, after the statute of limitations had expired, the Plaintiff filed a Motion for Leave to Amend Complaint [DE# 26]. The proposed First Amended Complaint added two additional transfers, but still sought relief against only the corporate Defendant, TJMI. Defendant agreed to an Order granting the motion, and the First Amended Complaint [DE# 37] was filed on February 2, 2012.

Plaintiff filed the Motion to Amend presently before the Court six months later, on August 1, 2012. Plaintiff now seeks to add Mr. McNamara, individually, as a defendant, alleging that he received some of the transfers at issue. TJMI filed its Objection to [Motion to Amend] on September 7, 2012 [DE# 83],

Plaintiff filed a Reply in Further Support of [the Motion to Amend] on September 19, 2012 [DE# 87], and the Court heard oral argument on October 4, 2012.

## Discussion

To satisfy the relation back provisions in Rule 15(c), Plaintiff must establish that (1) the claims against Mr. McNamara arise out of the same conduct, transaction or occurrence described in the initial complaint; (2) Mr. McNamara must have had notice of the action and would not be prejudiced in defending on the merits, and (3) Mr. McNamara knew or should have known that the action would have been brought against him, but for a mistake concerning the proper party's identity. The Plaintiff has the burden of proof in satisfying these elements. *In re Enron Corp.*, 298 B.R. 513, 522 (Bankr. S.D.N.Y. 2003), *aff'd*, 419 F.3d 115 (2d Cir. 2005). The first two elements are not contested. TJMI's Objection, and thus, this Order, address solely the third element, whether the Plaintiff would have timely sued Mr. McNamara, but for a "mistake" concerning the identity of the party receiving the transfers.

Courts interpreting the "mistake" element of Rule 15(c) focus on whether the Plaintiff knew of the *identity* of the proposed new defendant, regardless of whether there were doubts about his liability. If a plaintiff is aware of a potential

defendant's identity when the original complaint is filed, but uncertain whether the potential defendant may be found liable, adding that party after the statute of limitations has run is not allowed. *Brink v. First Credit Resources*, 57 F. Supp. 2d 848, 856 (D. Ariz. 1999). Several other courts have also focused on the ability of plaintiff to identify the proposed new defendant when the original complaint was filed, denying relation back under Rule 15(c) if the party's identity was known. *See e.g.*, *In re Brocade Communications Systems, Inc.*, 615 F. Supp. 2d 1018, 1041 (N.D. Cal. 2009) (denying motion to add individual defendants, finding that "[a]s high-ranking officers and directors, it is hard to imagine that these parties were completely unknown to plaintiffs so as to make their omission from the original complaint a 'mistake' under Rule 15"); *Wells v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992).

Both parties cite to the standard for determining mistake set forth in *Randall's Island Family Golf Centers v. Acushnet Co. (In re Randall's Island Family Golf Centers)*, No. 02-2278, 2002 WL 31496229 (Bankr. S.D.N.Y. Nov. 8, 2002). In *Randall*, the Court focused on what the plaintiff knew about the identity and involvement of the proposed new defendant when the original case was filed, concluding that "[i]f, at the time of filing his

initial complaint, plaintiff knew of the identity and *possible role* of the person whom plaintiff seeks to add as a defendant, there is no mistake for purposes of the relation back doctrine." 2002 WL 31496229 at *3 (emphasis added) (quoting *Richardson v. John F. Kennedy Mem'l Hosp.*, 838 F. Supp. 979, 987 (E.D. Pa. 1993)).

Plaintiff argues that the standard is less stringent in this circuit, citing to an 11th Circuit decision suggesting a liberal reading of "mistake" in Rule 15(c). *Itel Capital Corp. v. Cups Coal Co., Inc.*, 707 F.2d 1253 (11th Cir. 1983). In *Itel*, the court affirmed a lower court ruling allowing an amendment to relate back where the plaintiff was adding the 97% owner of the original defendant. However, as the 11th Circuit explained in a later decision, "*Itel* established no general rules about suits originally filed against a corporation where the plaintiff later attempts to add corporate control persons or owners as individual defendants." *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998).

In *Powers*, the court of appeals analyzed Rule 15(c) in much greater detail than in *Itel* and reached the same conclusion as the cases cited earlier in this opinion. The court found that the rule does not support relation back where the newly-added defendant was known to the plaintiff before the limitations

period expired.    148 F.3d at 1226.    The court added that "[t]he purpose of Rule 15(c) is to permit amended complaints to relate back to original filings . . . when the amended complaint is correcting a mistake about the identity of the defendant." *Id*. (citations omitted).

Applying the law to the facts here, the Court finds that Plaintiff's failure to sue Mr. McNamara in the original complaint was not a mistake of identity allowing relation back under Rule 15(c).    It is undeniable that Plaintiff knew of Mr. McNamara's identity when he filed the complaint because two of the four transfers identified in the original complaint were checks written by the Debtor, WJS, to Mr. McNamara, individually.    The two checks dated November 26, 2008, each in the amount of $9,900, are made payable to Mr. McNamara, individually, and were endorsed by Mr. McNamara, not by TJMI (Copies of the checks are attached to the complaint, DE# 1, p. 15).

In addition to the two checks attached to the original complaint that were made payable to Mr. McNamara, individually, the First Amended Complaint added an additional transfer evidenced by a check dated March 6, 2007, in the amount of $230,000, payable to and endorsed by Mr. McNamara, individually. Thus, at the time he filed the First Amended Complaint, six

months prior to filing the pending Motion to Amend, the Plaintiff was aware of a third and, in this instance, substantial transfer to Mr. McNamara, individually.[1]

Plaintiff does not deny that he was aware of Mr. McNamara's identity. He simply did not believe Mr. McNamara was liable. In the Motion to Amend, he states: "Thus, despite checks showing transfers being made to 'Thomas J. McNamara,' the Trustee reasonably believed that all the transfers were still being made for the benefit of [TJMI]." Motion to Amend [DE #69, p.8]. If Plaintiff thought that Mr. McNamara was accepting the money on behalf of TJMI, that was a mistake about Mr. McNamara's liability, not identity, and that is not a mistake allowing relation back under Rule 15(c).

In *Powers*, discussed earlier, the 11th Circuit made this distinction very clear, stating "[n]othing in the Rule or in the [Advisory Committee] Notes indicates that the provision [in Rule 15(c)] applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged." 148 F.3d at 1227 (quoting *Rendall-Speranza v.*

---

[1] Had the Plaintiff sought to add Mr. McNamara as a defendant in the First Amended Complaint, that attempt likely would have failed for the same reasons set forth in this Opinion, because the initial motion to amend also was filed after the statute of limitations expired. Nevertheless, the Court finds this additional check relevant, because it casts further doubt on the Plaintiff's assertion in the Motion to Amend that "[s]ince the filing of the First Amended Complaint, the Trustee has discovered that certain of the transfers that are alleged to have been received by McNamara, Inc., may have ... been received by Mr. McNamara" [DE# 69, p. 5].

*Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)). Simply stated, a mistaken belief that a known party to a transaction is not liable is not a mistake under Rule 15(c). *See Gavin v. AT&T Corp.*, 543 F. Supp. 2d 885, 902 (N.D. Ill. 2008) ("A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity' for purposes of Rule 15(c)(3)" (citations omitted)); *Nobles v. Rural Community Ins. Servs.,* 303 F. Supp. 2d 1279, 1286-87 (M.D. Ala. 2004)(where plaintiffs knew of the defendants' involvement in the transaction at issue, their mistake was a mistake in legal judgment, not a mistake in the naming of the party, and therefore, was not covered by Rule 15(c)).

When the Plaintiff filed his original complaint in this proceeding, the Plaintiff knew of the identity and possible role of Mr. McNamara in these transactions. This Court simply cannot accept Plaintiff's argument that he had no knowledge of Mr. McNamara's involvement or possible role when Mr. McNamara is the named payee on two of the four checks in the original complaint.

In sum, the proposed second amended complaint may not relate back to the original complaint under the standards in Rule 15(c), Fed. R. Civ. P., so the claims against Mr. McNamara are time barred. Therefore, it is –

**ORDERED** as follows:

1.    The Motion to Amend is denied.

2.    This adversary proceeding will go forward on the First Amended Complaint [DE# 37].

3.    The Pretrial Conference will be rescheduled by separate Order.

###

COPIES FURNISHED TO:

Carlos Sardi, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. 2ND Street, Suite 4400
Miami, FL  33131

Andrew Fulton, IV, Esq.
Kelley & Fulton, P.L.
1665 Palm Beach Lakes Blvd., Suite 1000
West Palm Beach, FL  33401